United States District Court
Southern District of Texas

**ENTERED**

May 04, 2023

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LVNV FUNDING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISCELLANEOUS ACTION NO. 2:23-MC-35 |
| | § | |
| EPHRAIN RELIFORD, JR., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

In August 2021, Plaintiff LVNV Funding, LLC ("LVNV Funding"), filed a debt collection suit against Defendant Ephrain Reliford in the Justice Court, Precinct 4, Place 1 of Kleberg County, Texas. (D.E. 1-5 at 4). On March 31, 2023, Reliford sought to remove the case to this Court and filed a motion to proceed *in forma pauperis*. (D.E. 1). For the reasons discussed further below, it is recommended that this case be **REMANDED** to the Justice Court, Precinct 4, Place 1 of Kleberg County, Texas, because this Court lacks jurisdiction. It is further recommended that the motion to proceed *in forma pauperis* (D.E. 1) be **DENIED** as moot.

### I. BACKGROUND

On August 9, 2021, LVNV Funding filed an original petition in state court pleading an "Account Stated and/or Open Account" and seeking to collect $4,694.28 from Reliford. (D.E. 1-5 at 4). On March 31, 2023, Reliford removed the case to this Court, filing a notice of removal based on federal question jurisdiction. (D.E. 1-2 at 1; D.E. 1-3 at 1). Reliford

specifically contends that LVNV Funding's claims were brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (D.E. 1-2 at 1).  The submitted record indicates that Reliford also attempted to raise a cross-claim against LVNV Funding in state court under 15 U.S.C. § 1668.  (D.E. 1-4 at 2).  Reliford's removal documents do not contain a certificate of service, nor do any of the documents before the Court reflect that LVNV Funding was served with a Notice of Removal.  LVNV Funding has not appeared.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  In a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." 28 U.S.C. § 1447(c).  In an action that has been removed from state court, the removing party bears the burden of establishing federal question jurisdiction.  *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1408 (5th Cir. 1995) (superseded on other grounds).

The general removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a).  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," or over civil actions that are

2

between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332.

Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Under the well-pleaded complaint rule, federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (internal quotation marks omitted).  "It is well settled that the party who brings the suit is the master of what law he will rely upon." *Id.*  Generally, under the well-pleaded complaint rule, a case does not arise under federal law, and thus is not removable, if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996).

Here, this Court lacks jurisdiction over the claims in this case.  First, Reliford does not rely on diversity jurisdiction as a basis for removal, but even were the parties diverse, LVNV Funding seeks only $4,694.28.  (D.E. 1-5 at 4).  This does not meet the $75,000 amount-in-controversy minimum for diversity jurisdiction.  28 U.S.C. § 1332(a)(1).

As to federal question jurisdiction, contrary to Reliford's contention, LVNV Funding's complaint does not allege any claims created by a federal law or statute, nor does LVNV Funding's right to relief depend on the resolution of any substantial, disputed question of federal law.  The complaint rests solely on a state law claim for account stated or open account. *See Arshad v. American Express Bank, FSB*, 580 S.W.3d 798, 805 (Tex.

3

App.—Houston [14th Dist.] 2019; no pet.) ("To establish the right to recover under *the common-law claim of account stated*, the creditor must show the following: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties that fixes the amount due; and (3) the party to be charged makes a promise, express or implied, to pay the indebtedness.") (emphasis added).  The complaint alleges only a single cause of action—a request to collect a debt allegedly owed—with no reference to the FCRA, FDCPA, or any other federal statute.  LVNV Funding's complaint provides no basis for federal question jurisdiction.  Finally, even if Reliford seeks to raise counter-claims against LVNV Funding under federal law, that cannot provide the basis for removal, which must be based solely on the plaintiff's complaint.  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998).

Accordingly, this Court lacks jurisdiction over the claims raised in LVNV Funding's complaint and this case should be remanded to state court.

## III.  RECOMMENDATION

Accordingly, it is recommended that this case be **REMANDED** to the Justice Court, Precinct 4, Place 1 of Kleberg County, Texas, because this Court lacks jurisdiction.  It is further recommended that the motion to proceed *in forma pauperis* be **DENIED** as moot.

Respectfully submitted on May 4, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).