UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LVNV FUNDING LLC, | § |
| | § |
| Plaintiff, | § |
| | §   MISCELLANEOUS ACTION NO. |
| VS. | § 2:23-MC-00035 |
| | § |
| EPHRAIN RELIFORD, JR., | § |
| | § |
| Defendant. | § |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

This action arises from an alleged default of a credit account. On August 30, 2021, Plaintiff LVNV Funding, LLC, brought this action for violations of Texas law against Defendant Ephrain Reliford, Jr., in Precinct 4, Place 1, of the Kleberg County Justice Court. D.E. 1-5, p. 4. On March 22, 2023, Defendant filed a counterclaim alleging violations under 15 U.S.C. § 1668.[1] D.E. 1-4, p. 2. Defendant then removed the case to this Court, citing federal question jurisdiction based on the allegations of federal law violations in the counterclaim.[2] D.E. 1-2.

On May 4, 2023, United States Magistrate Judge Julie K. Hampton filed a Memorandum & Recommendation (M&R, D.E. 2), recommending that this case be

---

[1] Defendant's counterclaim cites violations of 15 U.S.C. § 1668 but his motion to remove cites §§ 41 and 1681 under the same code. D.E. 1-4; D.E. 1-2.

[2] Defendant also sought to proceed *in forma pauperis* in this action, which the Magistrate Judge recommended be denied as moot. D.E. 1; D.E. 2, p. 4.

remanded back to the Kleberg County Court because this Court lacks jurisdiction. Defendant then filed an objection, citing *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), and arguing that this Court has jurisdiction because his counterclaim involves federal law. D.E. 3.[3]

First and foremost, federal jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). And Defendant's assertion that *Caterpillar* supports his position is misguided. In *Caterpillar,* the Supreme Court found that the federal court lacked jurisdiction because the state law claims in the complaint were not completely preempted by federal law. 482 U.S. at 398.[4] The Court also emphasized that "a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, [and] that a federal question must appear on the face of the complaint . . . ." *Id*. at 398–99. Though centered on a defense rather than a counterclaim, this case only further supports the Magistrate Judge's analysis that there is no federal question on the face of Plaintiff's complaint. *See* D.E. 2, pp. 3-4. Defendant's objection is therefore **OVERRULED** and the Court **FINDS** that there is no federal jurisdiction here.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objection, and all other relevant documents in the record, and having made a

---

[3] The objection was improperly docketed twice as D.E. 3 and 5.

[4] Defendant does not argue that the state cause of action is completely preempted by federal law such that federal jurisdiction exists, nor would that argument be successful here. *See* D.E. 3.

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendant's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **REMANDED** to Precinct 4, Place 1, of the the Kleberg County Justice Court, the court from which it was removed. Defendant's pending motion to proceed *in forma pauperis* is **DENIED** as moot.

**ORDERED** on August 25, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE